UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

INSTRUMENT AND VALVE SERVICES
COMPANY

CIVIL ACTION

VERSUS

THE BURT GROUP, INC., ET AL.

NO. 17-00223-BAJ-RLB

## RULING

Before the Court is a *Motion to Transfer for Forum Non Conveniens Pursuant to 28 U.S.C. § 1404(a)* filed by Third-Party Defendant Schulte Building Systems, Inc. ("Schulte").[1] Defendant and Third-Party Plaintiff, The Burt Group, Inc. ("Burt Group"), has filed an *Opposition*,[2] to which Schulte filed a *Reply*.[3] The Court's jurisdiction is founded upon 28 U.S.C. § 1332. There is no need for oral argument. For the following reasons, Schulte's *Motion* is **GRANTED**.

I. **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This lawsuit arises out of the construction of the Emerson Service Center ("the Project") in Gonzales, Louisiana.[4] Instrument and Valve Services Company ("IVS") is the owner of the Project.[5] Burt Group was the general contractor on the Project.[6] Burt Group is a Texas corporation with its principal place of business in Austin, Texas, which is located in Travis County.[7] Burt Group entered into a contract with Schulte for the provision of the Project's roofing materials.[8] Schulte is a Texas corporation with its

---

[1] Doc. 27.
[2] Doc. 33.
[3] Doc. 35.
[4] Doc. 1, pp. 2-3.
[5] Doc. 33, p. 1.
[6] *Id.*
[7] Doc. 1, p. 1.
[8] Doc. 27-1, p. 3.

1

principal place of business in Hockley, Texas, which is located in Harris County.[9] Another company, BushCo, LLC ("BushCo"), installed the roof.

IVS alleges that "almost immediately upon its occupancy of the [Project]," it began to notice problems with the roof leaking.[10] According to IVS, a representative of Schulte inspected the roof on October 20, 2015 and found numerous defects "in the construction, workmanship, and/or installation of the roofing system of the building."[11] Thereafter, IVS notified Burt Group of the alleged defects in the roof.[12]

On February 13, 2017, Burt Group filed claims against Schulte and BushCo in the First Judicial District Court in Caddo Parish, Louisiana related to the faulty roofing system.[13] Subsequently, IVS filed the instant lawsuit against Burt Group in this Court on April 7, 2017.[14] Burt Group then filed a motion to dismiss without prejudice in the First Judicial District Court, and chose to re-file its claims against BushCo and Schulte in this Court as a Third-Party Demand.[15]

Schulte now seeks severance of Burt Group's claims pending against it and dismissal without prejudice so that those claims can be re-filed in a Texas state court pursuant to the forum selection clause of the parties' contract. The contract provides in pertinent part:

> <u>VENUE, LAW, AND EFFECT</u>. This Supplier Agreement shall be governed by and in accordance with the laws of the State of Texas and venue shall be in Travis County, Texas.[16]

---

[9] Doc. 17, p. 7.
[10] Doc. 1, p. 7.
[11] Id.
[12] Id.
[13] Doc. 33, p. 2.
[14] Doc. 1.
[15] All claims against BushCo have been stayed and administratively closed without prejudice to the case being reopened after BushCo's bankruptcy proceeding is concluded or the stay is lifted. Doc. 48.
[16] Doc. 27-1, p. 4.

## II. LAW AND ANALYSIS

28 U.S.C. § 1404(a) permits a district court to transfer any civil action "[f]or the convenience of the parties and witnesses, in the interest of justice" to any other district "where it might have been brought."[17] The "where it might have been brought" language refers to the statutes governing jurisdiction and venue in the federal courts.[18] Thus, a transfer is not permitted under section 1404(a) unless the transferee court would have had subject matter jurisdiction over the lawsuit, all of the defendants would have been subject to personal jurisdiction in the transferee court, and venue would have been proper in the transferee court.[19]

In *Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas*, the Supreme Court explained the relationship between section 1404(a) and the doctrine of *forum non conveniens*:

> [T]he appropriate way to enforce a forum selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*. Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer. For the remaining set of cases calling for a nonfederal forum, § 1404(a) has no application, but the residual doctrine of *forum non conveniens* has continuing application in federal courts. And because both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum selection clause pointing to a nonfederal forum in the same way that they evaluate a forum selection clause pointing to a federal forum.[20]

---

[17] 28 U.S.C. § 1404(a).
[18] *Van Dusen v. Barrack*, 376 U.S. 612, 624 (1964).
[19] *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir. 1984), *overruled on other grounds*, *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147 (5th Cir. 1987); *see also Asevedo v. NBCUniversal Media, LLC*, 921 F. Supp. 2d 573, 592 (E.D. La. 2013).
[20] *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013) (internal citations omitted).

Burt Group and Schulte do not dispute that jurisdiction would not be proper in the federal district court encompassing Travis County, Texas, as this lawsuit does not present a federal question nor are the parties diverse from each other, as both Burt Group and Schulte are Texas corporations.[21] Accordingly, the forum selection clause entered into between the parties points to the state court in Travis County, Texas. Therefore, this *Motion* shall be analyzed under the doctrine of *forum non conveniens*.

"For cases where all parties signed a forum selection contract, the analysis is easy: except in a truly exceptional case, the contract controls."[22] The analysis becomes more difficult, however, when not all parties to the lawsuit have entered into a forum selection agreement. In the *Rolls Royce* case, the U.S. Court of Appeals for the Fifth Circuit considered what to do in such a situation.

The Fifth Circuit has instructed that the severance-and-transfer inquiry in situations where some but not all parties have entered into a forum selection clause is as follows: First, consistent with the Supreme Court's decision in *Atlantic Marine*, "the private factors of the parties who have signed a forum agreement must, as [a] matter of law, cut in favor of severance and transfer to the contracted for forum."[23] Next, the Court "must consider the private factors of the parties who have not signed a forum selection agreement as it would under a Rule 21 severance and section 1404 transfer analysis."[24] Finally, the Court must ask "whether this preliminary weighing is outweighed by the judicial economy considerations of having all claims determined in a single lawsuit."[25] "In so determining,

---

[21] Doc. 35, p. 1.
[22] *In re Rolls Royce Corp.*, 775 F.3d 671, 679 (5th Cir. 2014).
[23] *Id.* at 681.
[24] *Id.*
[25] *Id.*

4

the district court should consider whether there are procedural mechanisms that can reduce the costs of severance, such as common pre-trial procedures, video depositions, stipulations, etc."[26]

The private interest factors the Court should consider are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.[27] As the parties defying the forum selection clause, the plaintiffs bear the burden of establishing that transfer to the forum to which the parties bargained is unwarranted.[28]

In applying the *Rolls Royce* methodology, this Court is mindful of the Fifth Circuit's instruction that "[w]hile judicial economy is not the sole consideration for a district court facing a severance-and-transfer motion, it retains a cardinal role."[29] As such, while "[a] properly conducted section 1404 inquiry may well require a district court to send different parties to pursue the same suit in different districts, ... the need—rooted in the valued public interest in judicial economy—to pursue the same claims in a single action in a single court can trump a forum selection clause."[30] Still, "public factors, standing alone, [are] unlikely to defeat a transfer motion."[31]

As to the first step of the severance-and-transfer inquiry, the private interest factors of Third-Party Plaintiff Burt Group and Schulte weigh in favor of severance and transfer as a matter of law.[32]

---

[26] *Id.*
[27] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).
[28] *Atlantic Marine*, 134 S. Ct. at 581.
[29] *See Rolls Royce*, 775 F.3d at 681.
[30] *Id.* at 679.
[31] *Id.* (citing *Atlantic Marine*, 134 S. Ct. at 582).
[32] *Id.* at 681.

5

Next, the Court must evaluate the private interest factors of IVS, the party not privy to the forum selection clause. IVS is a Delaware corporation with its principal place of business in Marshalltown, Iowa.[33] IVS is licensed to do and is doing business in Louisiana.[34] The Project, which is owned by IVS, was constructed in Gonzales, Louisiana.[35] IVS has sued Burt Group, not Schulte. IVS has no pending claims against Schulte. Accordingly, if Burt Group's claims against Schulte are severed and transferred, this will have no effect on IVS' ability to fully recover. As a company doing business in Louisiana and the owner of the property at issue which is situated in this district, IVS' private interests certainly weigh in favor of maintaining its lawsuit here in the Middle District of Louisiana. Nonetheless, severance and transfer of only Burt Group's claim against Schulte will not affect IVS.

Finally, the Court must also balance judicial economy considerations. The U.S. Supreme Court recently instructed in *Atlantic Marine* that only in "extraordinary circumstances" should a valid forum selection clause not be given effect.[36] "A properly conducted section 1404 inquiry may well require a district court to send different parties to pursue the same suit in different districts."[37]

Although this Court is reluctant to invite the difficulty of divided litigation where it can be avoided, the Court is equally hesitant to deny Burt Group and Schulte the benefit of their bargained for forum. As the Supreme Court explained in *Atlantic Marine*, valid forum selection clauses represent "the parties' agreement as to the most proper forum,"

---

[33] Doc. 1, p. 1.
[34] *Id.*
[35] *Id.* at p. 2.
[36] *Atlantic Marine*, 134 S. Ct. at 581.
[37] *In re Rolls Royce Corp.*, 775 F.3d at 679.

and giving them effect protects the "legitimate expectations" of the parties and "furthers vital interests of the justice system."[38] "When parties have contracted in advance to litigate disputes in a particular forum ... courts should not unnecessarily disrupt the parties' settled expectations."[39]

Burt Group contends that transferring this case would create duplicitous litigation.[40] However, should this Court sever and transfer Burt Group's claim against Schulte, the two cases would not be as parallel as Burt Group claims. Although all of the pending claims in this lawsuit stem from the Project, Burt Group has sued Schulte for breach of contract and indemnity.[41] As both Burt Group and Schulte are Texas corporations, certainly Texas state courts have an interest in overseeing disputes between its citizens. Additionally, Burt Group's claims against Schulte may require the presence of different witness from those who would testify in IVS' claim against Burt Group. It is more probable that these witnesses would be found in Texas, as employees of Texas corporations, rather than Louisiana.

Though the Court is mindful that judicial economy retains a "cardinal role" in the severance-and-transfer analysis,[42] the Court does not find that sufficient "extraordinary circumstances" exist in this case to warrant denial of Schulte's requested transfer.[43] The difficulties associated with severance in this case are the typical difficulties which will always exist in such scenarios. If the interest in judicial economy trumped the forum

---

[38] *Atlantic Marine*, 134 S. Ct. at 581.
[39] *Id.* at 584.
[40] Doc. 33, p. 2.
[41] *Id.*
[42] *See In re Rolls Royce Corp.*, 775 F.3d at 681
[43] *See Atlantic Marine*, 134 S. Ct. at 581.

selection agreement in this case, it is difficult for the Court to see why it would not do so in every case.

Additionally, the Court is confident that the parties can alleviate the burden of divided litigation through procedural mechanisms that can reduce the costs of severance, "such as common pre-trial procedures, video depositions, stipulations, etc."[44]

### III. CONCLUSION

For the foregoing reasons, Schulte Building Systems, Inc.'s *Motion to Transfer for Forum Non Conveniens Pursuant to 28 U.S.C. § 1404(a)* is hereby **GRANTED**.[45]

**IT IS ORDERED** that Third-Party Plaintiff The Burt Group, Inc.'s claims against Third-Party Defendant Schulte Building Systems, Inc. are hereby **dismissed without prejudice** to be refiled in Travis County, Texas state court.

Signed in Baton Rouge, Louisiana, on March 28, 2018.

CHIEF JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[44] *In re Rolls Royce Corp.*, 775 F.3d at 681
[45] Doc. 27.